Opinion of the Court, by
Southard J.
Four persons, Foster, Brink, and Reynolds, took up two negro slaves, belonging to Samuel Jay, esq. of Baltimore, or Havre de Grace, for which he had offered *300 dollars. The money was deposited by Jay, in the hands of John Johnson, esq. for these men. Brink called on Johnson to get the money, and produced *110 to him the following writing. “ Montague, November 26, Sir, I am informed that Mr. Jay has sent and got tw0 negroes. Mr. Brink, one that helped me in taking them, goes to you to get the reward. I want you to take pay for your services. Yours &c. Julius Foster. To John Johnson, esq., clerk of tbe county of Sussex.” Johnson paid the whole money to Brink, and took his receipt on the back of the order, but there is nothing to shew, that Johnson knew, at the time, whether there were or were not, any other persons, but Brink and Foster, who had any interest in the reward. At the trial, the hand-writing of Foster, in the note, was proved ; and the payment of the money to Brink. The suit was brought by Vanauken to recover from Brink and Foster, his fourth part of the reward, and the jury found a verdict in his favour for 50 dollars.
It is now objected, that the recovery was illegal, because there was no evidence that Foster had received any part of the money; and his liability will depen'd, in a great degree, upon the construction of the note, which he wrote to Johnson. He contends that it was a mere note of introduction, and contains no authority or order for the disposition of the money. I cannot view it in that light. It appears to me, to be such an order, as transfers all Foster’s authority over the money; and would be an ample protection in the hands of Johnson, should Foster bring suit against him. It is certainly not an order in the ordinary style, but any man to whom it might have been presented, would at once say, that.it was a direction to pay the money. “ Mr. Brink, one that helped me, in taking them,” is expressive of authority in himself. “comes to receive the reward;” not a part; nota portion ; not his own share; but the ivhole of the reward. “ I want you to take pay for your services.” This expression supposes two things; first, that the whole reward was to be received by Brink; and secondly, that Foster had a right to direct the payment of claims out of it; not for his ovm share alone, but for all the services rendered respecting it. I do not see how this can be viewed in any other light, than as a direction to pay the money to Brink. Whether he had any right to give such a di *111 reetion, is another question, and will not avail him' in this suit.
*Foster then, gave the order : Brink, in obedience to it, received the money and gave his receipt; and it must be considered as the receipt of both of them. Their joint act, deprived the plaintiff of his share of the money; or rather of his right to call upon Johnson for it.
But whether this be the true construction, or not, of their joint liability, the facts before stated, were proper for the consideration of the jury. They were proper evidence'of the liability of the parties, and 1 cannot say that I think the jury have erred in the estimate they have formed of them.
The judgment, therefore, must be affirmed.